[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] FINDINGS ON PETITION FOR TERMINATION OF PARENTAL RIGHTS PURSUANT TO C.G.S. SECTION 17a-112(d)
The following findings are made upon clear and convincing evidence:
1. (Finding regarding the timeliness, nature and extent of services offered or provided to the parent and the child by an agency to facilitate the reunion of the child with the parent.) CT Page 1912
DCF offered appropriate and timely services to the mother and father to promote reunification, which are fully described on pages 10 and 11 of the social study dated 9/26/00. Both failed to fully participate in services offered, and are found to have been unwilling to participate in reunification efforts. DCF has been involved with this family since 1993, and has been offering rehabilitative programs to both respondents since at least 1995. The same circumstances that lead to the termination of the parents' rights to two older children have not changed.
2. (Finding regarding whether the Department of Children and Families has made reasonable efforts to reunite the family pursuant to the Federal Child Welfare Act of 1980, as amended.)
DCF made reasonable efforts to reunite the respondents with Miguel, but despite these efforts, they were uncooperative and unable or unwilling to benefit from reunification efforts.
3. (Finding regarding the terms of any applicable court order entered into and agreed upon by any individual or agency and the parent, and the extent to which all parties have fulfilled their obligations under such order.)
The court set reasonable and realistic preliminary steps for the mother and father prior to the preliminary temporary custody hearing, which the parents did not attend. Both, however, were advised of these steps. Mother's compliance with these steps was negligible except that she was consistent in visiting the child once a week. Father also visited and he did attend a drug evaluation assessment, but he never completed parenting classes or secured an adequate home.
4. (Finding regarding the feelings and emotional ties of the child with respect to his/her parents, any guardian of his/her person and any person who has exercised physical care, custody or control of the child for at least one year and with whom the child has developed significant emotional ties.)
The child is an infant and it is not possible to ascertain his feelings toward the parents. He has been cared for by the same foster parents since September of 2000, and they intend to adopt him.
5. (Finding regarding the age of the child.)
Miguel, born on August 2000, is five months old.
6. (Finding regarding the efforts the parent has made to adjust his/her CT Page 1913 circumstances, conduct, or conditions to make it in the best interest of the child to return him/her to his/her home in the foreseeable future, including, but not limited to:(A) the extent to which the parent has maintained contact with the child as part of an effort to reunite the child with the parent, provided the court may give weight to incidental visitations, communications or contributions and (B) the maintenance of regular contact or communication with the guardian or other custodian of the child.)
The parents have not made realistic or sustained efforts to conform their conduct to even minimally acceptable parental standards. Giving either of them additional time would not likely bring their performance, as parents, within acceptable standards sufficient to make it in the best interests of this infant, who requires consistent, reliable and sober care, to their home in the foreseeable future. It should be noted that none of their other children are in their care, and the issues which lead to the removal of the older children remain unchanged as of the date of trial on this petition.
7. (Finding regarding the extent to which a parent has been prevented from maintaining a meaningful relationship with the child by the unreasonable act or conduct of the other parent of the child, or the unreasonable act of any other person or by the economic circumstances of the parent.
There is no evidence that the parents were prevented from maintaining a meaningful relationship with the children by the unreasonable act or conduct of the department or any other person, or by their own economic circumstances. They were offered a reasonable visitation schedule and transportation, and they live in close geographical proximity to the site of the visits. They were provided with counsel at state expense; although the court notes that as of the date of trial, the respondent father was working as a cook at an expensive restaurant in downtown Hartford.
KELLER, J.